NOT FOR PUBLICATION

RECEIVED

AUG 30 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLINTON C. BARLOW, III,

    Plaintiff,

v.

NATIONAL CENTER FOR STATE COURT, et al.,

    Defendants.

Misc. No. 16-108

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

    This matter comes before the Court upon the pro se submission of Clinton C. Barlow, III ("Barlow") received by the Clerk of the Court on August 29, 2016. (ECF No. 1). Barlow has submitted an "Emergent Application to Sanction State of N.J. for Overlooking State Court Perjury Violations Done by Two N.J. Attys." (*Id.*). The Court has reviewed Barlow's application, and having done so, will order the Clerk of the Court not to file Barlow's proposed application.

    On March 27, 2001, the Court ordered that Barlow "is permanently enjoined from filing any civil actions in this Court without prior written approval of the Court." *Barlow v. Scott-Buzzi*, Civ. No. 00-5645 (ECF No. 34). In this permanent injunction, the Court established that it would "consider granting such approval only if Mr. Barlow submits to the Court: i) a copy of the complaint he seeks to file; ii) a sworn affidavit that the facts upon which he bases his claims are true; and iii) a clear statement of the legal bases for his claims." (*Id.*). Over the past fifteen years, the Court has repeatedly enforced the terms of this permanent injunction and ordered the

1

Clerk of the Court not to file myriad submissions by Barlow. The Court will do so again with regard to Barlow's present submission.

In the instant submission, the Court is unable to comprehend the facts behind Barlow's claims, or the legal bases for his claims. He appears to claim that he was assaulted, and the New Jersey state judicial system failed to properly handle his assault, but instead engaged in some sort of cover-up. (*See* ECF No. 1). Barlow wants the Court to fine and/or fire certain state employees. (*Id.*). Since the Court cannot discern the facts or legal bases for Barlow's proposed claims or remedies, the Court finds that Barlow has not met the bar set by the Court's previous permanent injunction. Therefore,

IT IS, on this 30th day of August, 2016,

ORDERED that the Clerk of the Court SHALL NOT FILE Barlow's present application (ECF No. 1); and is further

ORDERED that the Clerk of the Court (1) send a copy of this Memorandum Order to Barlow via. U.S. mail to his last known address, and (2) close this case accordingly.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

2